# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Christian Daniel Zhunio Malla,**<br><br>    Petitioner,<br><br>v.<br><br><br>Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General; Todd LYONS, Acting Director, Immigration and Customs Enforcement; William P. JOYCE, in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement; Warden of the Golden State Annex Facility<br><br>    Respondents. | Case No.<br><br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |

1. Petitioner, Christian Daniel Zhunio Malla, Alien Number **A# 245-984-965**, is a native and citizen of Ecuador who has resided in the United States since approximately April 2024.

2. Petitioner was placed in removal proceedings pursuant to section 240 of the Immigration and Nationality Act in 2024 and has been actively defending his case before the Immigration Court.

3.  On or about August 6, 2025, Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal, and has diligently pursued relief. He has complied with all Immigration Court appearances and procedural requirements.

4.  Petitioner has no criminal history whatsoever. He has never been convicted of any offense and has no record of arrests for criminal conduct.

5.  On January 22, 2026, at approximately 7:30 a.m., while traveling to work in a vehicle driven by his brother in New York, Petitioner was stopped by individuals believed to be officers of U.S. Immigration and Customs Enforcement.

6.  Petitioner and his brother were removed from the vehicle and detained. According to Petitioner's brother, officers did not present a judicial warrant and did not explain the legal basis for the stop or arrest at the time of the encounter.

7.  Shortly thereafter, Petitioner's brother was released. Petitioner, however, was taken into ICE custody despite having an active pending asylum application and no criminal record.

8.  At the time of his arrest, Petitioner had been living in the community for approximately twenty-one (21) months and had demonstrated full compliance with his immigration proceedings.

9. Following his arrest in New York, Petitioner was detained and subsequently transferred out of state. He is currently detained at the Golden State Annex detention facility in McFarland, California.

10. Petitioner sought a custody redetermination pursuant to 8 C.F.R. § 1236, asserting that he is subject to discretionary detention under 8 U.S.C. § 1226(a) and therefore entitled to an individualized bond hearing.

11. In a written Order dated February 4, 2026, the Immigration Judge denied jurisdiction to conduct a bond hearing, relying on the Board of Immigration Appeals' decision in Matter of Yajure-Hurtado, which the court interpreted as foreclosing bond jurisdiction for noncitizens who entered without inspection.

12. The Immigration Judge further concluded that the district court decision in Lazaro Maldonado Bautista et al v. Ernesto Santacruz Jr et al does not constitute a nationwide injunction and therefore does not alter the binding effect of Yajure-Hurtado.

13. As a result, Petitioner has been categorically denied access to any bond hearing before a tribunal with authority to order his release, notwithstanding his lack of criminal history, compliance with court proceedings, and extended residence in the United States prior to arrest.

14. Petitioner remains in civil immigration detention without having received any individualized custody determination regarding danger or flight risk.

15. Petitioner's continued detention is based solely on a statutory classification that treats him as an "applicant for admission," despite his ongoing removal proceedings under INA § 240 and his extended physical presence in the United States prior to arrest.

16. This Petition for Writ of Habeas Corpus seeks judicial review under 28 U.S.C. § 2241 of the legality of Petitioner's continued detention. Petitioner contends that he is detained pursuant to 8 U.S.C. § 1226(a), not § 1225(b), and that the categorical denial of a bond hearing violates both the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.

17. Petitioner respectfully requests that this Court order Respondents to provide an immediate, constitutionally adequate bond hearing before an adjudicator with authority to grant effective relief, or, in the alternative, order his release under appropriate conditions of supervision.

## JURISDICTION

18. This action arises under the United States Constitution, including the Fourth and Fifth Amendments, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., and the federal habeas corpus statute, 28 U.S.C. § 2241.

19. This Court has subject matter jurisdiction over this Petition pursuant to:

20. 28 U.S.C. § 2241, which authorizes federal courts to grant habeas corpus relief to individuals who are in federal custody in violation of the Constitution or laws of the United States;

21. 28 U.S.C. § 1331, which confers jurisdiction over civil actions arising under the Constitution and laws of the United States;

22. Article I, Section 9, Clause 2 of the United States Constitution (the Suspension Clause); and

23. This Court's inherent equitable authority to remedy ongoing constitutional violations.

24. This Court further has authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and to issue all writs necessary or appropriate in aid of its jurisdiction under the All-Writs Act, 28 U.S.C. § 1651, including orders preserving the status quo during the pendency of these proceedings.

25. Petitioner Christian Daniel Zhunio Malla is currently detained in ICE civil immigration custody without having received an individualized bond hearing before a tribunal with authority to order his release.

26. The Immigration Court denied jurisdiction to conduct a bond hearing based solely on Petitioner's alleged manner of entry, relying on the Board of Immigration Appeals' decision in Matter of Yajure-Hurtado. As a result, Petitioner has been categorically denied access to any custody determination under 8 U.S.C. § 1226(a).

27. Because the Immigration Court has concluded that it lacks jurisdiction to provide a bond hearing, and because the Board of Immigration Appeals is bound by the same precedent, Petitioner lacks any available and effective administrative mechanism to obtain review of his continued detention. Habeas corpus relief is therefore necessary and appropriate.

28. Petitioner's continued detention, without access to an individualized custody determination, presents an ongoing violation of federal statutory and constitutional law that is properly reviewable under 28 U.S.C. § 2241.

29. Accordingly, this Petition for Writ of Habeas Corpus is properly before this Court. To the extent Respondents contend that jurisdiction lies in another district based on the location of the immediate custodian, Petitioner respectfully requests that this Court retain

jurisdiction or, in the alternative, transfer the matter in the interest of justice pursuant to

28 U.S.C. § 1631 rather than dismiss the Petition.

## **VENUE**

30. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) because Respondents are

officers and agencies of the United States acting in their official capacities, and a

substantial part of the events and omissions giving rise to this Petition occurred within the

State of New York.

31. Petitioner was arrested by Immigration and Customs Enforcement officers on January 22,

2026, in Syracuse, New York. The decision to take Petitioner into custody and maintain

him in civil immigration detention was initiated by ICE Enforcement and Removal

Operations personnel operating within New York.

32. Following his arrest in Syracuse, Petitioner was initially detained at a facility in New

York and subsequently transferred to the Buffalo Federal Detention Facility in Batavia,

New York, where custody determinations and bond proceedings were conducted before

the Batavia Immigration Court.

33. It was in New York that the Immigration Judge denied jurisdiction to conduct a bond hearing pursuant to the Board of Immigration Appeals' decision in Matter of Yajure-Hurtado, thereby resulting in the continued detention challenged in this Petition.

34. After the denial of bond jurisdiction in New York, Petitioner was transferred multiple times between detention facilities, including temporary placements in other states, before ultimately being transferred to the Golden State Annex detention facility in McFarland, California, where he is presently confined.

35. Petitioner's current detention is the direct result of enforcement decisions, custody determinations, and legal interpretations made by ICE officials and the Immigration Court operating in New York.

36. Although Petitioner is presently confined in California, the operative facts giving rise to this habeas challenge—including his arrest, initial detention, custody classification, and denial of a bond hearing—occurred in New York.

37. To the extent Respondents contend that venue lies exclusively in the district of physical confinement, Petitioner respectfully requests that this Court retain jurisdiction or, in the alternative, transfer the matter in the interest of justice pursuant to 28 U.S.C. §§ 1406(a) or 1631, rather than dismiss the Petition.

## REQUIREMENTS OF 28 U.S.C. § 2243

38. Pursuant to 28 U.S.C. § 2243, upon the filing of a petition for a writ of habeas corpus, a federal court shall forthwith award the writ or issue an order directing the Respondents to show cause why the writ should not be granted, unless it plainly appears from the face of the petition that the Petitioner is not entitled to relief.

39. If the Court issues an Order to Show Cause, Respondents must file a return within three (3) days unless, for good cause shown, the Court allows additional time not exceeding twenty (20) days, as expressly provided in 28 U.S.C. § 2243.

40. The writ of habeas corpus—long recognized as the "Great Writ"—serves as a critical safeguard against unlawful executive detention and ensures prompt judicial review where an individual's liberty is restrained without lawful authority. See Fay v. Noia, 372 U.S. 391, 400 (1963).

41. Petitioner Christian Daniel Zhunio Malla remains in ICE civil immigration custody without having received an individualized bond hearing before a tribunal with authority to order his release.

42. The Immigration Court, relying on the Board of Immigration Appeals' decision in Matter of Yajure-Hurtado, has disclaimed jurisdiction to review Petitioner's custody status. No

other administrative mechanism exists to challenge his detention or obtain a bond determination.

43. As a result, habeas corpus provides the only effective vehicle for judicial review of Petitioner's continued detention. Prompt consideration is therefore warranted under the directives of 28 U.S.C. § 2243 to protect Petitioner's constitutional and statutory rights.

**PARTIES**

44. **Petitioner**: Christian Daniel Zhunio Malla (A# 245-984-965) is a native and citizen of Ecuador who has resided in the United States continuously since approximately 2024. Petitioner is currently detained in civil immigration custody by the United States Immigration and Customs Enforcement ("ICE") at the Golden State Annex detention facility in McFarland, California. Petitioner has no criminal history, has complied with all immigration proceedings, and has filed a pending application for asylum with the United States Citizenship and Immigration Services ("USCIS").

45. **Respondents**:

a. **Kristi Noem**, Secretary, U.S. Department of Homeland Security ("DHS"), is responsible for overseeing the federal agencies charged with enforcing immigration law, including ICE. She is sued in her official capacity.

b. **Pamela Bondi**, U.S. Attorney General, is the head of the Department of Justice and responsible for overseeing the Executive Office for Immigration Review ("EOIR") and all immigration adjudications. She is sued in her official capacity.

c. **Todd Lyons**, Acting Director of Immigration and Customs Enforcement, is responsible for the day-to-day operations of ICE, including custody and removal of noncitizens. He is sued in his official capacity.

d. **William P. Joyce**, Acting Field Office Director of New York, ICE, is responsible for enforcement and detention operations in New York, including the initial arrest, custody determination, and removal proceedings that led to Petitioner's continued detention. He is sued in his official capacity.

e. **Warden of the Golden State Annex Facility**, currently holding Petitioner in custody, is responsible for the day-to-day operations and physical detention of Petitioner. The Warden is sued in his or her official capacity.

46. Petitioner brings this Petition for Writ of Habeas Corpus against Respondents in their official capacities to challenge the lawfulness of his continued civil immigration detention and the denial of a constitutionally adequate bond hearing.

**<u>STATEMENT OF FACTS</u>**

47. Petitioner, Christian Daniel Zhunio, Alien Number A# 245-984-965, is a native and citizen of Ecuador who has resided in the United States continuously since approximately April 2024. Since that time, he has lived primarily in New York, where he has worked, paid taxes, and established substantial community ties.

48. On January 22, 2026, at approximately 7:30 a.m., Petitioner was intercepted by ICE while traveling in a vehicle driven by his brother in Syracuse, New York, as he was on his way to work. At the time of the stop, neither Petitioner nor his brother were informed of any warrant for arrest, and no formal charges were presented. Shortly thereafter, Petitioner's brother was released, having previously posted bond in an unrelated matter, while Petitioner remained in ICE custody.

49. Petitioner was initially detained in a local detention facility in Syracuse, New York, and subsequently transferred to the Batavia, New York, detention facility. Following Batavia, Petitioner was temporarily housed in multiple other ICE facilities for brief periods before being transferred to the Golden State Annex facility in California, where he remains detained at present.

50. At the time of his detention, Petitioner had no criminal history, no prior immigration violations, and no history of failing to appear for any court proceedings. Petitioner had a

pending asylum application filed on August 4, 2025, and had been fully complying with all scheduled hearings in immigration court with representation from counsel.

51. On February 4, 2026, Petitioner requested a custody redetermination (bond hearing) before the Immigration Court in Batavia, New York. In a written Order, the Immigration Judge denied the request, citing Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025), and concluding that the court lacked jurisdiction to grant bond because Petitioner allegedly entered the United States without inspection.

52. Petitioner remains detained without a bond hearing before a tribunal with authority to grant his release, and there is no administrative mechanism currently available to obtain such review.

53. Petitioner's prolonged detention has caused substantial hardship to him personally, including separation from his community, employment, and access to counsel.

54. Petitioner now seeks immediate release from ICE custody through this Petition for Writ of Habeas Corpus and respectfully requests that any transfer of Petitioner during the pendency of this action be barred, to preserve this Court's jurisdiction and ability to grant effective relief.

**LEGAL FRAMEWORK**

55. The United States Constitution and federal immigration law impose substantive and procedural limits on the government's authority to detain noncitizens, including individuals in civil immigration custody.

56. The Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. This protection applies to all persons physically present in the United States, regardless of immigration status, and safeguards against arbitrary executive detention.

57. The Immigration and Nationality Act ("INA") authorizes immigration detention in limited circumstances. Where no final order of removal exists, detention is governed by 8 U.S.C. § 1226. Where a final order of removal has been entered, detention is governed by 8 U.S.C. § 1231.

58. Petitioner does not have a final order of removal. Accordingly, any detention authority must arise, if at all, under 8 U.S.C. § 1226. Civil detention under § 1226 must bear a reasonable relation to its purposes—namely, ensuring appearance at proceedings and protecting the community—and is subject to constitutional limitations.

59. The Supreme Court has long recognized that civil immigration detention is constitutionally permissible only where it serves a legitimate governmental purpose and

is accompanied by adequate procedural safeguards. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (holding that immigration detention must be limited to a period reasonably necessary to accomplish its purpose).

60. Even where Congress authorizes detention in removal proceedings, prolonged detention without meaningful review raises serious constitutional concerns. See Jennings v. Rodriguez, 138 S. Ct. 830 (2018) (recognizing that constitutional challenges to immigration detention remain available through habeas corpus).

61. Habeas corpus remains the traditional and constitutionally protected mechanism to challenge unlawful executive detention. U.S. Const. art. I, § 9, cl. 2; 28 U.S.C. § 2241.

62. Here, although Petitioner requested a custody redetermination before the Immigration Court in Batavia, New York, the Court denied jurisdiction to grant bond solely based on Petitioner's alleged manner of entry without inspection. The denial was not based on any individualized assessment of danger or flight risk.

63. Petitioner has no criminal history, no prior immigration violations, and no history of failing to appear in court. The continued detention of Petitioner is therefore not supported by any individualized findings regarding community safety or flight risk.

64. Where the government continues to detain a noncitizen without a final order of removal, without a finding of danger or flight risk, and without access to a tribunal empowered to grant release, continued detention raises serious concerns under the Due Process Clause.

65. The subsequent issuance of a Notice to Appear does not eliminate the constitutional requirement that detention be meaningfully reviewable. Executive detention that is effectively insulated from release authority is subject to habeas review.

66. Judicial oversight through habeas corpus is therefore necessary to ensure that Petitioner's continued civil detention comports with the statutory framework of the INA and the guarantees of the Fifth Amendment.

## CLAIMS FOR RELIEF

### COUNT ONE

**Violation of the Due Process Clause of the Fifth Amendment — Substantive Due Process**

67. Petitioner incorporates by reference all preceding paragraphs as if fully set forth herein.

68. The Fifth Amendment to the United States Constitution guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. This protection applies to all individuals physically present in the United States, including noncitizens, and prohibits arbitrary executive detention.

69. Petitioner is currently detained by United States Immigration and Customs Enforcement without a final order of removal, without an individualized finding of danger or flight risk, and without access to a tribunal with authority to grant release.

70. Petitioner was detained on January 22, 2026, while traveling to work, without any formal arrest warrant, and has continuously complied with all procedural requirements in his pending asylum case, including representation by counsel and timely filings.

71. The Immigration Court in Batavia, New York, denied jurisdiction to grant bond solely on the basis of Petitioner's alleged manner of entry, rather than any individualized assessment of risk.

72. Petitioner has no criminal history, no prior immigration violations, and no history of failing to appear in court. The continued detention of Petitioner therefore serves no legitimate governmental purpose and is arbitrary.

73. By detaining Petitioner under these circumstances, Respondents have violated the Due Process Clause of the Fifth Amendment, depriving Petitioner of his liberty without constitutionally adequate procedural safeguards or individualized justification.

74. Unless enjoined by this Court, Petitioner will continue to suffer irreparable harm due to prolonged and unlawful detention.

75. Accordingly, Petitioner requests that this Court grant immediate relief by ordering his release from custody or, alternatively, require Respondents to provide a constitutionally adequate bond hearing before a tribunal with jurisdiction to grant effective relief.

## COUNT TWO

**Violation of the Due Process Clause of the Fifth Amendment — Procedural Due Process**

76. Petitioner incorporates by reference all preceding paragraphs as if fully set forth herein.

77. The Fifth Amendment guarantees procedural due process, which requires that no person be deprived of liberty without a fair and meaningful opportunity to be heard before an impartial tribunal. U.S. Const. amend. V.

78. Petitioner is being detained in ICE civil immigration custody without a final order of removal and has been denied access to a bond hearing before a tribunal with authority to grant release.

79. On January 22, 2026, Petitioner was detained in Syracuse, New York, while traveling to work, in a manner that did not involve a formal arrest warrant. Despite his full compliance with immigration proceedings—including maintaining legal representation and timely submitting his asylum application—he has been continuously detained.

80. Petitioner filed a motion for bond redetermination with the Immigration Court in Batavia, New York. In a written order dated February 4, 2026, the Immigration Judge denied jurisdiction to grant bond, relying solely on Petitioner's alleged manner of entry into the United States, rather than evaluating individualized risk factors such as danger to the community or flight risk.

81. Respondents have therefore deprived Petitioner of any meaningful opportunity to contest his detention or seek release through the established administrative procedures.

82. The absence of a constitutionally adequate bond process, combined with prolonged detention far from his community and counsel, constitutes a violation of Petitioner's right to procedural due process under the Fifth Amendment.

83. Unless enjoined by this Court, Petitioner will continue to suffer irreparable harm as a result of detention imposed without meaningful procedural safeguards.

84. Accordingly, Petitioner respectfully requests that this Court:

a. Order his immediate release from custody; or

b. Alternatively, direct Respondents to provide a constitutionally adequate bond hearing before a tribunal with authority to grant effective relief, and enjoin any further transfers during the pendency of these proceedings.

## COUNT THREE

### Violation of the First and Fifth Amendments

85. Petitioner incorporates by reference all preceding paragraphs as if fully set forth herein.

86. The First Amendment protects the right of all individuals in the United States, including noncitizens, to access legal counsel, communicate with representatives, and engage in protected speech, including the ability to seek relief in court.

87. Petitioner has been detained without a bond hearing and has been transferred multiple times among detention facilities—including Syracuse, Batavia, and the Golden State Annex Facility in California—disrupting his ability to access counsel effectively and meaningfully participate in his immigration proceedings.

88. The government's actions in maintaining Petitioner's prolonged detention without providing adequate access to counsel, hearings, or meaningful review of his custody status constitute a violation of his rights under the First Amendment, in combination with the procedural protections guaranteed by the Fifth Amendment.

89. Unless enjoined, Petitioner will continue to suffer irreparable harm due to government interference with his ability to access counsel and meaningfully participate in his legal proceedings.

## COUNT FOUR

**Release on Bail Pending Adjudication**

90. Petitioner incorporates by reference all preceding paragraphs as if fully set forth herein.

91. Under 8 U.S.C. § 1226(a), noncitizens who are detained in the United States prior to the entry of a final removal order are eligible for discretionary bond, unless otherwise statutorily prohibited.

92. Petitioner is currently detained without a bond hearing before a tribunal with authority to grant release. His detention is prolonged, arbitrary, and without individualized findings of danger to the community or flight risk.

93. Petitioner has demonstrated full compliance with immigration proceedings, timely submitted his asylum application, and has no criminal history, making him an appropriate candidate for release on bail or other conditions of supervision.

94. Respondents' refusal to provide a constitutionally adequate bond hearing effectively converts Petitioner's detention into indefinite and punitive detention, contrary to the statutory scheme and the Due Process Clause of the Fifth Amendment.

95. Accordingly, Petitioner requests that this Court order his immediate release on bond, or alternatively, require Respondents to provide a prompt and meaningful bond hearing before a tribunal empowered to grant release, with conditions sufficient to ensure his appearance in removal proceedings.

## PRAYER FOR RELIEF

**WHEREFORE, Petitioner Christian Daniel Zhunio Malla, respectfully requests that this Court:**

96. Issue a Writ of Habeas Corpus directing Respondents to show cause why Petitioner is being detained and ordering his immediate release from ICE custody;

97. Alternatively, order Respondents to provide Petitioner with a prompt and meaningful bond hearing before a tribunal with authority to grant release, taking into account that:

   a. Petitioner was detained on January 22, 2026, while driving to his place of work in New York;

   b. He was initially taken to a local detention center in Syracuse, then transferred to the Batavia detention facility, and subsequently to multiple temporary detention locations, before being placed at the Golden State Annex Facility in California;

   c. He has no criminal history, no prior immigration violations, and has consistently complied with all immigration proceedings since his arrival in 2024;

d.  There is no individualized finding that he is a danger to the community or a flight risk;

e.  He has never had an opportunity for a bond hearing before a tribunal with the authority to grant his release;

98. Enjoin Respondents from transferring Petitioner to any other detention facility during the pendency of this action, in order to preserve this Court's jurisdiction and ensure effective relief;

99. Declare that Petitioner's continued detention without access to a bond hearing or meaningful review violates the Due Process Clause of the Fifth Amendment, the First Amendment, and the statutory framework of the Immigration and Nationality Act;

100.    Grant such other and further relief as the Court deems just and proper, including any equitable remedies necessary to protect Petitioner's constitutional rights, and to ensure that he is not subjected to prolonged detention in violation of the law and the Constitution.

### <u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>

- I, John J. Garzon, Esq., Attorney for Petitioner **Christian Daniel Zhunio Malla** in this matter and hereby verify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the factual statements contained in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, information, and belief.

**Dated: February 27, 2026**

*/s/ John J. Garzon*

 **JOHN J. GARZON, ESQ**
**Counsel for Petitioner**
**46-12 Queens Blvd., Ste. 204**
**Sunnyside, New York 11104**
**Tel: (718) 433-1331**